# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DUSTIN WATTS**                                    **CIVIL ACTION NO.**

**VERSUS**                                          **20-779-SDD-EWD**

**MANUFACTURERS ALLIANCE
INSURANCE COMPANY, ET AL.**

## <u>NOTICE AND ORDER</u>

This is a civil action involving claims for damages allegedly sustained by Dustin Watts

("Plaintiff") as a result of a motor vehicle collision that occurred on or about September 13, 2019.[1]

Specifically, Plaintiff claims he was rear-ended by a vehicle driven by Ray Carroll ("Carroll"),

who was an "employee" of Colonial Logistics, LLC ("Colonial") "at all pertinent times," including

at the "moment of the collision."[2] Plaintiff also claims that, at the time of the collision,

Manufacturers' Alliance Insurance Company ("Manufacturers' Alliance") "had in effect a policy

of automobile liability insurance" covering Colonial and/or Carroll.[3] On or about September 11,

2020, Plaintiff filed his Petition for Damages ("Petition") against Carroll, Colonial,

Manufacturers' Alliance, and State Farm Mutual Automobile Insurance Company[4] ("State Farm")

(collectively, "Defendants") in the Twenty-First Judicial District Court for the Parish of

Livingston, State of Louisiana.[5] Carroll removed the matter on November 18, 2020, asserting

federal subject matter jurisdiction under 28 U.S.C. § 1332.[6]

---

[1] R. Doc. 1-8, pp. 1-5.

[2] *Id*. at pp. 2-3, ¶¶ 8-11.

[3] *Id*. at p. 3, ¶ 14.

[4] Plaintiff alleges State Farm "had in effect a policy of uninsured and/or underinsured motorist liability providing coverage to Plaintiff" at the time of the collision. *Id*. at p. 4, ¶ 16.

[5] *Id*. at pp. 1-5. Plaintiff also named "XYZ Insurance Company," who Plaintiff alleges is a "fictional name given to what is anticipated to be a foreign corporation…which provides liability insurance to Ray Carroll." R. Doc. 1-8, p. 1, ¶ 1(c). 28 U.S.C. § 1441(b)(1) states, "[I]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

[6] R. Doc. 1, at introductory paragraph.

1

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. While it appears that the amount in controversy requirement is satisfied,[7] the Court cannot determine whether complete diversity exists because the allegations regarding State Farm's citizenship are deficient.[8]

In the Notice of Removal, Carroll alleges that State Farm, as Plaintiff's "alleged uninsured/under-insured motorist insurer…is not deemed to be a citizen of the State of Louisiana because no third party 'liability' claim is asserted against it as opposed to the first party, UM claims made [here]."[9] While Carroll is correct that State Farm is not deemed a citizen of "every State and foreign state of which the insurer [*i.e.*, Watts] is a citizen" under 28 U.S.C. § 1332(c), the Notice

---

[7] In the Notice of Removal, Carroll alleges (1) that Plaintiff's "incomplete past medical expenses are $35,306.07," and (2) that Plaintiff "submitted a demand for $500,000 in general damages, $900.00 for loss of use of his vehicle, and lost wages associated with his employment at a Baton Rouge-area Cane's restaurant which were not quantified." *Id*. at ¶¶ 9-10. Based on these allegations, it is likely that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Thus, the amount in controversy requirement appears to be satisfied. *See, e.g.*, *Elvir v. Trinity Marine Products, Inc.*, No. 16-814, 2018 WL 3318884 (M.D. La. July 5, 2018).

[8] In the Notice of Removal, Carroll alleges (1) that Plaintiff is a "resident/domiciliary [of] the Parish of Livingston, State of Louisiana, (2) that Carroll is a "resident/domiciliary of Tucson, Arizona," (3) that Colonial is a Texas limited liability company, whose members—Ahmad I. Khan, Shahid A Khan, and Riaz Siddiqi—are all "domiciled in and [are] resident[s] of the State of Texas," and (4) that Manufacturers' Alliance "is incorporated under the laws of the State of Pennsylvania and maintains its principal place of business at 380 Sentry Parkway, Blue Bell, PA 16400-0754." R. Doc. 1, ¶¶ 11-17. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."); *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a limited liability company is determined by the citizenship of all of its members" for diversity purposes; thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).); *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted). Accordingly, Carroll has sufficiently alleged his citizenship and the citizenships of Plaintiff, Colonial, and Manufacturers' Alliance.

[9] R. Doc. 1, ¶ 18 (citing 28 U.S.C. § 1332(c)(1) and *Carpenter v. Illinois Central Gulf R. Co.*, 524 F. Supp. 249 (M.D. La. 1981)).

2

of Removal contains no other allegations regarding State Farm's citizenship.[10] Likewise, the Petition simply states that State Farm is a "foreign corporation authorized to do and doing business in the State of Louisiana.[11] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[12] Neither the Notice of Removal nor the Petition adequately allege the place of incorporation and principal place of business of State Farm.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity among the parties.[13]

Accordingly,

**IT IS ORDERED** that **by no later than December 7, 2020**, Carroll shall file a comprehensive Amended Notice of Removal, that contains all his numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of State Farm, as described in this Notice and Order.

Signed in Baton Rouge, Louisiana, on November 30, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *Id.*

[11] R. Doc. 1-8, p. 1, ¶ 1(e).

[12] *See also, Getty Oil*, 841 F.2d at 1259.

[13] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").